IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARGARET WISCHHOFF,

                Plaintiff,

v.

CITY OF MADISON, WISCONSIN,
LARRY NELSON, AL LARSON,
THOMAS HEIKKINEN and
KATHY CRYAN,

                Defendants.

SUPPLEMENTAL ORDER
ON EVIDENTIARY ISSUES

13-cv-35-jdp

---

As indicated in the Final Pretrial Order, this Supplemental Order addresses the issues raised in plaintiff's Trial Brief No. 1, and it provides further guidance on defendants' motions in limine Nos. 3 and 4.

**A.  Statements of Party Opponents**

Defendants' motion in limine No. 3 sought to exclude evidence that Wischhoff was generally disliked or that other employees were trying to get rid of her. This evidence would likely be in the form of hearsay-like statements by City employees, and thus the parties have submitted supplemental briefing concerning the admissibility of statements by City employees. Dkts. 95 and 98.

Statements of a party opponent, offered against the party opponent, are by definition not hearsay. F.R.E. 801(d)(2). Any statement by Nelson, Larson, Heikkinen or Cryan, all individual defendants, will be non-hearsay. The rule extends to statements made by employees of a party opponent, but only if the statements are made during the employment and, most crucially for our purposes, *on a matter within the scope of the employment.* F.R.E. 801(d)(2)(D). The question here concerns the admissibility of statements by non-defendant employees of the City, which is itself a party opponent.

Plaintiff urges a broad interpretation of the scope of employment, contending that "if an employee of the City was on the job when he saw or heard something and he or she later made a

statement about it, that statement is admissible." Dkt. 95, at 3. To take a concrete example based on the summary judgment submissions, plaintiff may call Jodie Ross to testify that Tammy Buss told her that there were factions in the Water Utility and that Buss was working with Nelson to get rid of Wischhoff. Plaintiff would contend that Buss's statements were within the scope of her employment and therefore admissible under F.R.E. 801(d)(2)(D).

Defendants contend that "scope of employment" has a narrower meaning in employment discrimination cases. Dkt. 98 at 2-4. According to defendants, only managerial employees with decision-making authority over the employment action at issue can make statements that are non-hearsay within the scope of F.R.E. 801(d)(2)(D). Defendants would object to Ross's testimony about what Buss said, because Buss did not have decision-making authority over Wischhoff's employment. The consequence of adopting defendants' position would be that, with few exceptions, only the individual defendants themselves could make statements within the scope of F.R.E. 801(d)(2).

After reviewing the cases cited by the parties, I conclude that the rule is neither so broad as urged by plaintiff nor so restrictive as defendants would have it. The law in this area remains "somewhat muddled." *Stephens v. Erickson*, 569 F.3d 779, 793 (7th Cir. 2009) (quoting *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 761 (7th Cir.2003)). But the essential principles are clear enough for our purposes. First, "not everything that relates to one's job falls within the scope of one's agency or employment." *Id.* (quoting *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 950 (7th Cir.1998)). I reject plaintiff's view because it contradicts this principle. Second, the Seventh Circuit has declined to adopt the rigorous per se rule advanced by the defendants. *Pharmacia, Inc.*, 137 F.3d at 951.

The principle adopted for discrimination cases in the Seventh Circuit stakes out a middle ground. The employee making a putative admission about an employment action need not have been directly involved in the employment action at issue. But the subject matter of the admission must match the subject matter of the employee's job description. *Stephens*, 569 F.3d at 793 (quoting *Aliotta*, 315 F.3d at 762). To put it even more simply, the employee must, by virtue of her

2

job duties, have reason to know what she is talking about. Under this principle, rank gossip will be inadmissible as hearsay. But the statements of non-management employees will be admissible under F.R.E. 801(d)(2)(D) if the employee was involved in the subject of the admission, even if the employee was not the decision maker. *See also Simple v. Walgreen Co.*, 511 F.3d 668, 672 (7th Cir. 2007) (a subordinate's explanation of criteria used by management in making employment decisions is admissible against the employer, regardless of whether the declarant has any involvement in the challenged employment action).

I return to our example of Buss's testimony that she was working with Nelson to get rid of Wischhoff. Buss's statement involves work activities in which she was involved, even though she was not the decision-maker on Wischhoff's employment. Her statements about her own efforts to get rid of other city employees involves a matter within the scope of her employment, and it is therefore admissible under F.R.E. 801(d)(2)(D). The admissibility of statements by City employees will evaluated with these principles in mind. Not everything they was or heard on the job will be admissible. But they do not have to be a manager with firing authority over Wischhoff for their statements to be admissible as statements of a party opponent. Statements of City employees concerning matters in which they were involved or matters about which they became informed as part of their job duties will be admissible. Mere gossip, if offered for its truth, will be excluded. Rule 403 balancing will, as with all matters, be brought to bear as appropriate.

**B.  Impeachment by prior instances of untruthful conduct**

Plaintiff's Trial Brief No. 1 also raises a new issue. Plaintiff seeks to impeach Larson and Nelson by attacking their character for truthfulness by showing that they lied about Buss's qualifications for the construction manager position. The parties do not appear to dispute the applicable rules, which gives me the discretion to allow plaintiff to cross-examine Larson and Nelson on this subject. F.R.E. 608(b). Plaintiff may not, however, adduce extrinsic evidence as part of the impeachment.

The parties apparently agree that Larson and Nelson's description of Buss's qualifications was incorrect. But defendants contend that it was not an intentional deceit, which is the primary

reason defendants cite against allowing the cross-examination. I am not persuaded by defendants' argument.

The plaintiff is entitled to try to show that Larson or Nelson were willing to lie to advance the interests of Buss, an employee they favored, to plaintiff's disadvantage. The alleged falsehood is not so remote in time or topic as to be irrelevant to the matters at issue. If the mischaracterization of Buss's credentials was an oversight or an honest error, Larson and Nelson can deny lying, or they can explain themselves more fully on a direct examination. I see little danger of an unfair impeachment, and I will count on plaintiff's counsel to ensure that this topic does not take much time.

## C. Evidence of other discriminatory acts

Defendants' motion in limine No. 4 sought to exclude evidence concerning complaints by other City employees of discriminatory actions. I have already ruled that mere complaints about discriminatory actions will not be admitted because they do not, in themselves, show any actual discriminatory acts. But the question remains whether evidence showing other acts of discrimination or retaliation are admissible. The question is substantially a relevance issue.

In some types of discrimination cases, evidence of other acts of discrimination are not only relevant but essentially required. To prove a hostile work environment, a plaintiff must show severe and pervasive discrimination. To prove disparate impact, a plaintiff will likely have to show statistical (or at least numerical) evidence that others members of protected class received discriminatory treatment. Precedent showing that evidence of other acts of discrimination is admissible in those types of cases does not help us here.

As defendants show, not every act of discrimination in the plaintiff's workplace is relevant. One of the cases cited by defendants, *Grayson v. O'Neil*, 308 F.3d 808, 816 (7th Cir. 2002), provides a good example of this principle. Grayson, the head of the Chicago field office of the FBI, was a notorious sexual harasser and got fired for it. He contended that his firing was racially motivated, and he offered evidence that Chicago FBI agents had participated in a racially motivated roundup of suspects. The court held that the race-based roundup, which may have demonstrated

generalized racism in the workplace, was not relevant because that racism was not related to the decision to fire Grayson. But that case is pretty far afield from Wischhoff's. The other case cited by plaintiff, *Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 443-44 (7th Cir. 2009), provides a somewhat closer analog to this case. Lewis, a Chicago police officer, sought to introduce evidence that other supervisors (not hers) took discriminatory actions against other officers. The court affirmed the district court's exclusion of those other discriminatory acts as irrelevant and a waste of time. *Lewis* is informative, but was on appeal for second time, and it involved complexities that are not at issue in this case. Accordingly, I will not rule in limine that plaintiff is restricted to evidence of discriminatory acts by her supervisors directed at her. Whether to admit evidence of discrimination by other supervisors in a discrimination case "is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).

I understand plaintiff's theory to be that she was singled out for retaliatory treatment, and that she bore the brunt of her supervisors' discriminatory animus. Other women employees got along fine if they did not rock the boat. Thus, given plaintiff's theory of the case (as I understand it so far) the most relevant evidence will be acts taken by the individual defendants against plaintiff. But I will also allow plaintiff to present evidence, based on personal knowledge, of other discriminatory acts or statements by City employees that would provide a basis for a reasonable inference that discriminatory attitudes permeated the Water Utility's employment policies and practices. *See Mattenson v. Baxter Healthcare*, 438 F.3d 763, 770 (7th Cir. 2006). This is not a bright-line rule, because I will be prepared to exclude any particular evidence that concerns an isolated "stray remark" or an act that is simply too remote to bear on the real question, which is whether defendants discriminated or retaliated against plaintiff. I will also be prepared to invoke Rule 403, if the value of the evidence is *substantially* outweighed by its negative effects.

**D.  Introductory instructions**

I will incorporate defendants' proposed revision to the Introductory Instructions.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge